**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THE COCA-COLA COMPANY & SUBSIDIARIES,** | ) | |
| **Plaintiffs,** | ) | **No. 03-1155 T** |
| **v.** | ) | **The Honorable Lawrence J. Block** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Defendant, the United States, pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims, respectfully provides these responses to plaintiff's proposed findings of uncontroverted fact.

1. - 12. No Objection.

13. As a result of the increase in credit carryback to the 1981 Tax Year account, an interim overpayment also existed in Coca-Cola's 1981 Federal income tax account in the amount of $11,031,851.56 between March 15, 1985 and September 27, 1985. Affidavit ¶ 7.

<u>DEFENDANT'S RESPONSE</u>

OBJECTION. As finally adjusted, plaintiff's account for 1981 showed an interim overpayment, between March 15, 1985 (the due date of the return), and September 27, 1985 (the

date of the refund requested less than 45 days earlier by plaintiff), in the amount of $11,039,447.06, a difference of $7,595.50. McDonald Declaration [1/] ¶ 33.

14. With regard to the increase in credit carryback described in paragraphs 11 and 13, the Service erred in that it failed to allow credit interest on the interim overpayment generated by such increase in credit carryback. Affidavit ¶ 7.

DEFENDANT'S RESPONSE

OBJECTION. This finding sets out plaintiff's legal conclusion with respect to the question presented by this case, and is not a matter of fact, but an opinion as to a matter of law. *See, for example, United States v. Feliciano, aka Rude Dog, etc.*, 223 F.3d 102, 121 (2nd Cir. 2000).

15. The Service error of not applying accumulated interest to the account, (i) incorrectly inflated the underpayment balance beginning on September 27, 1985; (ii) incorrectly inflated the amount of deficiency interest charged against Coca-Cola; and (iii) incorrectly reduced the proper allowable interest which should have been generated in the 1981 Tax Year account. Affidavit ¶ 8.

DEFENDANT'S RESPONSE

OBJECTION. This finding sets out plaintiff's legal conclusion with respect to the question presented by this case, and is not a matter of fact, but an opinion as to a matter of law. *See, for example, United States v. Feliciano, aka Rude Dog, etc.*, 223 F.3d 102, 121 (2nd Cir.

---

[1/] Declaration of Connie Stegen McDonald (hereafter "McDonald Declaration"), attached to defendant's proposed findings of uncontroverted fact as Exhibit A. That exhibit is a facsimile. The original document, signed by the declarant, has been retained by counsel for the Government.

2000). Moreover, plaintiff's reference to "accumulated interest" refers not to a fact, but to a hypothetical amount which plaintiff contends (as a conclusion of law) *should have been* (but was not) in the account.

Respectfully submitted,

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*

September 15, 2006

s/ David Gustafson
Of Counsel